# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK
# ALBANY DIVISION

| | |
|---|---|
| **SAMUEL RONAN,** | CASE NO. 1:23-cv-876 (LEK/DJS) |
| *Individually and on behalf of all others similarly situated,* | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| **PLUG POWER INC.**<br>c/o Statutory Agent<br>C T Corporation System<br>28 Liberty St.<br>New York, NY 10005 | |
| Defendant. | |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Samuel Ronan, *individually and on behalf of himself and all others similarly situated*, by and through counsel, for his Collective Action Complaint against Plug Power Inc. (also referred to herein as "Plug Power" or "Defendant"), states and alleges the following:

## INTRODUCTION

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207.

2.  Plaintiff brings this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

3.  Plaintiff and other members of the FLSA Collective now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes and adjustments, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.  Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division.

## PARTIES

6.  Plaintiff Samuel Ronan is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Samuel Ronan has completed an "Opt-In Consent Form" which is filed and attached as Exhibit A.

7.  Defendant Plug Power is a Delaware for-profit corporation with its principal place of business in Latham, Albany County, New York.

8.  According to records maintained by the New York Department of State, Division of Corporations, Defendant Plug Power's Statutory Agent for service of process is C T

Corporation System, 28 Liberty St., New York, NY, United States, 10005. According to records maintained by the New York Department of State, Division of Corporations, Defendant Plug Power's Principal Executive Office Address is located at 968 Albany Shaker Road, Latham, NY 12110.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer of Plaintiff and Other Members of the FLSA Collective

9. Defendant Plug Power Inc. is a developer and supplier of hydrogen fuel cell systems. Defendant utilizes "commissioning specialists," and workers with similar job titles and/or duties, including Plaintiff and other members of the FLSA Collective, in furtherance of its business purposes.

10. At all times relevant, Defendant was an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

14. At all times relevant, Plaintiff and other members of the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

15. At all times relevant, Plaintiff and other members of the FLSA Collective were employees of Defendant engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

3

16. At all times relevant, Defendant was an employer of Plaintiff and other members of the FLSA Collective as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

### Defendant's Misclassification of Plaintiff and Other Members of the FLSA Collective as Exempt, Salaried Workers, and Defendant's Resultant Overtime Compensation Violations

17. Plaintiff Samuel Ronan was employed by Defendant from approximately April 2023, to June 2023, as a "commissioning specialist," working primarily in Colorado, Alabama, and Illinois. During his employment with Defendant, Defendant classified Plaintiff as a salaried employee, and paid Plaintiff a weekly salary of approximately $1,586.54, which did not account for the overtime hours Plaintiff worked on a weekly basis.

18. Plaintiff and other members of the FLSA Collective regularly worked approximately 55-65 hours per workweek.

19. Defendant, in violation of the FLSA, classifies its "commissioning specialists" workers as exempt, salaried workers. Through this misclassification, Defendant knowingly, willfully, and deliberately fails to compensate Plaintiff and other members of the FLSA Collective overtime compensation at at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

20. In fact, Plaintiff and Defendant's other "commissioning specialists," and workers with similar job titles and/or duties, are non-exempt according to the standards applicable under the FLSA and are entitled to overtime compensation.

21. While job titled "commissioning specialists," Plaintiff's and other members of the FLSA Collective's job duties were primarily performing manual, physical labor. Plaintiff's and other members of the FLSA Collective's job duties were commensurate with non-exempt maintenance and repair workers, and as such their regular and primary job duties include, but are not limited to:

   a. Performing routine maintenance, such as inspecting piping, wiring, drives, motors, or belts, checking fluid levels, replacing filters, and/or doing other preventive maintenance actions;

   b. Inspecting, operating, or testing machinery or equipment to diagnose wiring, piping, and machine malfunctions;

   c. Replacing worn, damaged, or defective parts and/or equipment;

   d. Adjusting functional parts of devices or control instruments, using hand tools, levels, and/or straightedges;

   e. Repairing machines, wiring, piping, and/or equipment, using tools such as hammers, saws, drills, wrenches, and/or equipment such as precision measuring instruments or electrical or electronic testing devices;

   f. Observing machines and/or equipment in operation to detect potential problems;

   g. Disassembling machines and/or equipment for inspection, maintenance and/or repair;

   h. Testing machines and/or equipment to ensure proper functioning;

   i. Troubleshooting machines and/or equipment to determine operation problems;

   j. Ordering parts, supplies, or equipment internally or from suppliers;

   k. Diagnosing machine/equipment problems and determining how to correct them, including by checking blueprints, schematics, "PIED" diagrams, repair manuals, or parts catalogs, as necessary;

   l. Assembling, installing, or repairing components, systems, machinery, wiring, piping, and/or equipment;

    m. Cleaning and/or lubricating shafts, bearings, gears, or other parts of machinery, wiring, piping, and/or equipment for smooth operation;

    n. Performing general cleaning of machinery, wiring, piping, and/or equipment.

    o. Estimating costs to repair machinery, wiring, piping, and/or equipment;

    p. Reading work orders or descriptions of problems to determine repairs or modifications needed;

    q. Conferring with coworkers and/or supervisors to resolve machinery, wiring, piping, and/or equipment problems;

    r. Aligning and/or balancing new machinery and/or equipment after installation;

    s. Dismantling machines, wiring, piping, equipment, and/or devices to access and/or remove defective parts using hand tools and/or power tools;

    t. Setting up and operating machine tools or equipment to repair or fabricate machines, wiring, piping, parts, jigs, fixtures, and/or tools;

    u. Inspecting machines, wiring, piping, equipment, and/or devices to locate damage, defects, or wear;

    v. Inspecting used parts to determine changes in dimensional requirements, using rulers, calipers, micrometers, or other measuring instruments; and

    w. Assembling equipment, wiring, piping, parts, and/or machinery at installation sites, using tools such as levels, hammers, or other hand tools.

22. Moreover, the "commissioning specialists" job title that Plaintiff and other members of the FLSA Collective were labeled required no advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; "commissioning specialists'" educational requirements were an associate's degree or vocational degree, or a high school diploma with experience.

23. Furthermore, as "commissioning specialists," Plaintiff and other members of the FLSA Collective did not engage in "managing" other employees; did not direct other employees' work; did not have the authority to hire, fire, or promote other employees; did not regularly

6

direct the work of two (2) or more employees; did not perform work directly related to Defendant's management or general business operations; and did not exercise discretion or independent judgment with respect to matters of significance.

24.     During their employments with Defendant, Plaintiff and other members of the FLSA Collective were required to travel as part of their job duties. The FLSA, 29 C.F.R. § 785.39, provides that "[t]ravel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days." Plaintiff and other members of the FLSA Collective were required to travel, and this travel regularly cut across their normal working hours during both regular working days and nonworking days. Pursuant to Defendant's salary misclassification policy, Plaintiff and other members of the FLSA Collective were not paid for all of the time they spent traveling as part of their job duties at one and one-half times their regular rates when this travel time constituted overtime hours.

25.     During their employments with Defendant, Plaintiff and other members of the FLSA Collective were required to work overtime, more than forty (40) hours per workweek, performing primarily manual labor. However, through their unlawful "exempt salary" misclassification policies and practices, Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at one and one-half times their "regular rate" of pay.

26.     As noted above, Defendant classified Plaintiff and other members of the FLSA Collective as exempt salaried employees and paid Plaintiff and other members of the FLSA

7

Collective a biweekly salary that did not pay overtime compensation at one and one-half times their "regular rate" of pay.

27.     Moreover, although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective were not paid overtime for their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*

28.     Defendant's failure to compensate Plaintiff and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207.

## The Willfulness of Defendant's Violations

29.     Defendant knew that Plaintiff and other members of the FLSA Collective were entitled to overtime compensation under federal law or acted in reckless disregard for whether they were so entitled.

30.     By denying Plaintiff and other members of the FLSA Collective overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime

compensation requirements of the FLSA, or acted in reckless disregard as to Defendant's obligations under federal overtime law.

31. Plaintiff and other members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

32. Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA.

33. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and resulted in the unlawful deprivation of wages to the detriment of Defendant's employees, including Plaintiff and other members of the FLSA Collective.

### Defendant's Record Keeping Violations

34. The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

35.     Defendant failed to keep accurate records of hours worked of Plaintiff and other members of the FLSA Collective. Thus, Defendant did not record or pay all hours worked in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

38.     Plaintiff brings this case on behalf of an FLSA collective group of employees of Defendant (referred to herein as the "FLSA Collective").

39.     The potential "opt-ins" who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

> **All current and former commissioning specialists, and workers with similar job titles and/or duties, of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the workers' regular rate of pay for all hours worked in excess of forty (40) hours per workweek.**

40.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

41. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

42. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of approximately one hundred (100) or more persons during the statutory period. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and all other members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

45. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

46. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

47. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours suffered or permitted to work by Defendant.

48. Defendant knowingly, willfully, and/or in reckless disregard carried out an unlawful pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

49. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## **JURY DEMAND**

50. Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other members of the FLSA Collective, respectfully prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant, and in favor of Plaintiff and the Opt-Ins who join this case, pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

D. Award Plaintiff and other members of the FLSA Collective prejudgment interest, post-judgment interest, litigation expenses and costs, attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and all other available damages, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

E. Enter such other and further relief as this Court deems equitable, just, and proper.

Date: July 21, 2023                                    Respectfully Submitted,

/s/ Seth R. Lesser
Seth R. Lesser (NY Bar No. SL5560)
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
E-mail: seth@klafterlesser.com

/s/ Ryan A. Winters
Joseph F. Scott (OH - 0029780)
(Application for Admission Pro Hac Vice *forthcoming*)
Ryan A. Winters (OH - 0086917)
(Application for Admission Pro Hac Vice *forthcoming*)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221   F: (440) 846-1625

50 Public Square, Suite 1900
Cleveland, Ohio 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (OH - 0090455)
(Application for Admission Pro Hac Vice *forthcoming*)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff and Potential Opt-In Plaintiffs*